IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02675-PAB-CBS

MELISSA DECKER and
MICHAEL HEAPHY,

    Plaintiffs,

v.

UNITED STATES FOREST SERVICE,
RICK CABLES, Regional Forester, United States Forest Service,
SCOTT FITZWILLIAMS, Supervisor for the White River National Forest, and
DAVID NEELY, District Ranger, Holy Cross Ranger District,

    Defendants.
_____

## ORDER ON PRELIMINARY INJUNCTION
_____

This matter is before the Court on defendants' motion [Docket No. 48] to dissolve the preliminary injunction in this case. On December 16, 2009, following a hearing, the Court granted in part and denied in part plaintiffs' motion [Docket No. 2] for preliminary injunction. The Court order was as follows:

> [t]he Forest Service is hereby enjoined from carrying out logging activities in Unit 101 north of the West Grouse Creek hiking trail or west of the junction between the West Grouse Creek hiking trail and the Grouse Lake hiking trail unless and until it properly analyzes this change through supplementation of the Environmental Assessment. The Forest Service is also enjoined from engaging in helicopter yarding in Unit 101 unless and until it properly analyzes this change through supplementation of the Environmental Assessment. Also, any future analysis of the economics of logging activities within Unit 101 must take into account the economics of the project. The plaintiffs' motion for a Preliminary Injunction is otherwise denied.

Tr. of Prelim. Inj. Hrg. (vol. 3) [Docket No. 26] at 288. Regarding the duration of the preliminary injunction, the Court stated:

> Pursuant to HFRA, a preliminary injunction may be entered at first for no more than 60 days. However, the Court may renew a Preliminary Injunction presumably at 60-day intervals, pursuant to 16 U.S.C., Section 6516(c)(1)-(2). Therefore, the injunction that the Court issues will enter for 60 days from the date of this order; namely today, and the parties shall file status reports, either jointly or separately, every 30 days from today's date apprising the Court of any developments relevant to the injunction and indicating whether the injunction should be renewed, and if so, explaining why.

Tr. of Prelim. Inj. Hr'g (vol. 3) at 288-89. The parties filed status reports on January 22, 2010 [Docket Nos. 31, 33], February 22, 2010 [Docket No. 41], and March 24, 2010 [Docket No. 46]. None of these reports discussed the need for, or requested, an extension of the preliminary injunction. On July 19, 2010, defendants filed an additional status report, describing developments in the case, including the completion of a Supplemental Environmental Assessment. *See* Defs.' Status Report [Docket No. 47] ¶¶ 4-6. On that same day defendants filed the motion to dissolve the preliminary injunction, which is presently before the Court. The motion states that

> [t]he preliminary injunction was entered "for 60 days from December 16, 2009." Plaintiffs did not request the injunction be renewed, nor did the Court enter an order renewing the injunction after the expiration on February 14, 2010. Thus, by its own terms, the preliminary injunction expired on February 14, 2010. However, to clarify any potential ambiguity, Defendants move for dissolution of the preliminary injunction.

Defs.' Mot. to Dissolve Prelim. Inj. [Docket No. 48] ¶ 3. On August 12, 2010, plaintiffs filed a response which objected to defendants' motion on the grounds that defendants' Supplemental Environmental Assessment is inadequate and is not fully responsive to the dictates of the Court's preliminary injunction. *See generally* Pls.' Resp. in Opp'n to

Defs.' Mot. to Dissolve Prelim. Inj. [Docket No. 59]. On August 30, 2010, defendants filed a reply in support of their motion to dissolve the preliminary injunction. *See* Defs.' Reply in Supp. of Mot. to Dissolve Prelim. Inj. [Docket No. 64]. This motion is fully briefed.

By the explicit terms of the Court's order, the preliminary injunction expired sixty days after it was issued: February 14, 2010. This comports with 16 U.S.C. § 6516(c)(1) (2006). While 16 U.S.C. § 6516(c)(2) (2006) permits the renewal of a preliminary injunction impacting a hazardous fuel reduction project, no party requested an extension prior to February 14, 2010. Therefore, the preliminary injunction expired on that date and there is no need for a Court order to dissolve it.

Therefore, it is

**ORDERED** that defendants' motion [Docket No. 48] to dissolve the preliminary injunction in this case is DENIED as moot. The preliminary injunction, which the Court entered on December 16, 2009, has expired. The Court declines to address the adequacy of the defendants' intervening administrative processes.

DATED September 17, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge